UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANTHONY BELMOSA,

                        Plaintiff,

- against -

UNITED STATES OF AMERICA,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER**

Civil Action No.
19-CV-6788

(Cogan, J.)

Defendant UNITED STATES OF AMERICA (the "United States"), by and through its attorney, Richard P. Donoghue, United States Attorney, Eastern District of New York, Matthew J. Modafferi, Assistant United States Attorney, of counsel, responds and answers the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

## IN ANSWER TO THE SECTION TITLED "PARTIES"

1.  The United States denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the allegations.

2.  The United States denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3.  The United States denies the allegations set forth in paragraph 3 of the Complaint, except to aver only that the United States Postal Service was formed under the Postal Reorganization Act as an independent establishment of the executive branch of the United States government, and there is a limited waiver of sovereign immunity set forth by the Federal Tort Claims Act ("FTCA").

4.  The allegations contained in paragraph 4 of the Complaint constitute legal conclusions regarding Plaintiff's decision as to the party against which Plaintiff decided to institute

1

an action. To the extent that this paragraph may be deemed to contain factual allegations, the United States denies the allegations, except to admit only that the United States of America is the only proper party to an action brought pursuant to the FTCA.

IN ANSWER TO THE SECTION TITLED "JURISDICTION"

5. The allegations contained in paragraph 5 of the Complaint constitute legal conclusions regarding jurisdiction to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, the United States denies the allegation, except to admit that Plaintiff purports to bring this action pursuant to the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671 *et seq*.

IN ANSWER TO THE SECTION TITLED "VENUE"

6. The allegation contained in paragraph 6 of the Complaint constitutes a legal conclusion for the asserted basis of venue, to which no response is required. To the extent this paragraph may be deemed to contain any factual allegations, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations, except to admit only that Queens County is located within the geographical boundaries of the Eastern District of New York.

IN ANSWER TO THE SECTION TITLED "PROCEDURAL PREREQUISITES MET"

7. The United States denies the allegations set forth in paragraph 7 of the Complaint, except to admit only that, on June 22 2018, a written administrative claim was received by the United States Postal Service by or on behalf of Plaintiff regarding the events alleged in the Complaint.

8. The United States denies the allegations set forth in paragraph 8 of the Complaint, except to admit only that on August 1, 2019, the United States Postal Service denied Plaintiff's written administrative claim.

9.   The allegations set forth in paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, the United States denies the allegations, except to admit only that Plaintiff filed the present action on December 3, 2019.

IN ANSWER TO THE SECTION TITLED "AS AND FOR A FIRST CAUSE OF ACTION"

10.   The United States denies the allegations set forth in paragraph 10 of the Complaint, except to aver only that on August 22, 2016, the United States Postal Service leased a facility located at 250 North Boundary Road, Jamaica, New York 11430 at John F. Kennedy ("JFK") International Airport.

11.   The United States denies the allegations set forth in paragraph 11 of the Complaint, except to admit only that on August 22, 2016, the United States Postal Service maintained a Post Office located at 250 North Boundary Road, Jamaica, New York 11430 at JFK International Airport.

12.   The United States denies the allegations set forth in paragraph 12 of the Complaint, except to admit only that on August 22, 2016, the United States Postal Service managed a Post Office located at 250 North Boundary Road, Jamaica, New York 11430 at JFK International Airport.

13.   The United States denies the allegations set forth in paragraph 10 of the Complaint, except to admit only that on August 22, 2016, the United States Postal Service controlled a Post Office located at 250 North Boundary Road, Jamaica, New York 11430 at JFK International Airport.

14.   The United States denies the allegations set forth in paragraph 14 of the Complaint, except to aver only that on August 22, 2016, the United States Postal Service maintained a Post

Office located at 250 North Boundary Road, Jamaica, New York 11430 at JFK International Airport.

15. The allegations set forth in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, the United States denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. The United States denies the allegations set forth in paragraph 16 of the Complaint.

17. The United States denies the allegations set forth in paragraph 17 of the Complaint.

18. The United States denies the allegations set forth in paragraph 18 of the Complaint.

19. The United States denies the allegations set forth in paragraph 19 of the Complaint.

20. The United States denies the allegations set forth in paragraph 20 of the Complaint.

<u>IN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"</u>

21. The allegations set forth in paragraph 21 of the Complaint constitutes Plaintiff's prayer for relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, Defendant denies the allegations, and further states, that pursuant to 28 U.S.C. § 2675, any judgment may not exceed $1,000,000, the amount set forth in Plaintiff's administrative tort claim.

22. The last unnumbered "WHEREFORE" paragraph of the Complaint constitutes Plaintiff's prayer for relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, the United States denies this paragraph in its entirety.

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed to the extent that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are subject to, and limited by, the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

### THIRD DEFENSE

The Complaint should be dismissed to the extent that Plaintiff's claims are barred pursuant to any applicable exception to the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

### FOURTH DEFENSE

The Complaint should be dismissed because the United States did not breach any duty and was not negligent.

### FIFTH DEFENSE

The Complaint should be dismissed because the United States' actions were at all times lawful and reasonable.

### SIXTH DEFENSE

The Complaint should be dismissed because the alleged acts and/or omissions of the United States were not the proximate cause of any injury sustained by Plaintiff.

### SEVENTH DEFENSE

Plaintiff was negligent, careless, and/or reckless, and it was Plaintiff's negligence, carelessness, and/or recklessness that, in whole or in part, caused or resulted in any injury and/or damages alleged in the Complaint.

## EIGHTH DEFENSE

The Complaint should be dismissed because any alleged defect was trivial and *de minimis*.

## NINTH DEFENSE

The Complaint should be dismissed because the United States did not have actual or constructive notice of any alleged defect.

## TENTH DEFENSE

Plaintiff's damages should be limited to the amount of damages alleged in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

## ELEVENTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished in the proportion to which the comparative negligence and/or assumption of risk attributable to Plaintiff bears to the negligence, if any, of the United States pursuant to CPLR § 1411.

## TWELFTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished pursuant to CPLR § 4545 and/or any other applicable New York State law by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

## THIRTEENTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished pursuant to CPLR § 1601 to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total

liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

## FOURTEENTH DEFENSE

Plaintiff's recovery, if any, is limited by his failure to mitigate damages.

## FIFTEENTH DEFENSE

To the extent that this Court lacks subject matter jurisdiction over any claim or cause of action, said claim or cause of action should be dismissed.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

## SEVENTEENTH DEFENSE

Plaintiff may not recover pre-judgment interest pursuant to 28 U.S.C. § 2674.

## TWENTIETH DEFENSE

The United States asserts that it has, or may have, additional defenses which are not presently known to it at this time, but which may be ascertained through discovery. The United States specifically preserves these and other defenses as they may be ascertained through on-going discovery.

WHEREFORE, the United States respectfully requests judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
February 11, 2020

                                        RICHARD P. DONOGHUE
                                      United States Attorney
                                      *Counsel for the United States of America*
                                      Eastern District of New York
                                      271 Cadman Plaza East, 7th Floor
                                      Brooklyn, New York 11201

                    By:        /s/
                                        Matthew J. Modafferi
                                      Assistant U.S. Attorney
                                      (718) 254-6229
                                      matthew.modafferi@usdoj.gov

To:    Matthew T. Gammons, Esq. (By ECF)
         Rosenbaum & Rosenbaum, P.C.
         *Attorneys for Plaintiff*
         100 Wall Street, 15th Floor
         New York, NY, 10005