

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 9, 2020

By ECF
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Anthony Belmosa v. United States of America,* Civ. No. 19-CV-6788 (BMC)

Dear Judge Cogan:

      This Office represents the Government in this Federal Tort Claims Act case, in which Plaintiff alleges that he fell due to a defect in the pavement near the United States Postal Service ("USPS") location at JFK International Airport ("JFK"). The Government respectfully writes to request that the pre-trial conference scheduled on November 25, 2020 at 10 a.m. be converted to a pre-motion conference concerning its proposed motion for summary judgment.[1]

      By way of background, per the Court's Order, on June 12, 2020 the parties conducted a joint inspection of the cargo roadway pavement where Plaintiff allegedly tripped and fell. At a status conference on June 24, 2020, the parties stipulated that "if the Court were to conduct a site visit at this time, it would not find a noticeable imperfection in the pavement." Dkt. Entry dated June 24, 2020. After Plaintiff requested an extension of time to complete fact discovery (Dkt. Entry 15), the Court extended the fact discovery deadline from August 24 to October 23, 2020 and cancelled the previously scheduled September 3, 2020 conference to discuss the Government's intended summary judgment motion. *See* Dkt. Entry dated October 20, 2020. On October 26, 2020, the Court noted that discovery had closed,[2] and ordered the parties to submit a joint pre-trial order by November 16 in advance of a pre-trial conference scheduled on November 25. For the reasons set forth herein, the Government seeks to move for summary judgment.

**Summary Judgment Is Appropriate Because This Case Involves A Trivial Defect**

      As a preliminary matter, the Second Circuit, in looking to New York law, has found summary judgment to be appropriate in trip and fall cases like this one. *See Coyle v. United States*,

---

[1] Defendant also requests an adjournment *sine die* of the deadline for submission of a joint pre-trial order with copies of exhibits that are subject to an objection.

[2] The Government respectfully notes that fact discovery has concluded, and reserves the right to conduct expert discovery, if necessary.

954 F.3d 146, 149 (2d Cir. 2020). Specifically, "[w]hile New York usually leaves questions of negligence like this one to factfinders, it maintains an exception in slip-and-fall cases for what it calls the 'trivial defect doctrine.'" *Id*. (citation omitted). "Significantly, it is the court, rather than a jury, that determines whether an alleged condition meets this triviality standard by reviewing 'all the specific facts and circumstances of the case." *Id*. Indeed, "[t]he New York Court of Appeals has said that there are 'cases in which a fact-finding court could examine photographs and justifiably infer from them as a matter of law that an elevation or depression or other defect is so slight as to be trivial as a matter of law.'" *Id*.; *see also Czochanski v. Tishman Speyer Props.*, 45 Fed. Appx. 45, 47 (2d Cir. 2002) ("New York courts often rely on the judge's examination of photographs to determine whether a defect is trivial as a matter of law."). Thus, this Court should review the facts, examine the photographs, and from those determine whether the alleged defect is trivial as a matter of law.

### The Alleged Defect is *De Minimis* as a Matter of Law

"Landowners and business proprietors have a duty to maintain their properties in a reasonably safe condition" and Plaintiff "must show that a dangerous or defective condition existed on the property—that is, that the property was not reasonably safe." *Estrella-Jones v. United States*, 13-CV-5454 (CBA) (LB), 2016 U.S. Dist. LEXIS 173227, at *6 (E.D.N.Y. Dec. 14, 2016) (citations omitted). However, "property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip." *See id*. at *6-7 (citation omitted). In determining whether a defect is trivial, the court must examine all facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury." *Id*. at *7 (citation omitted).

Here, the imperfection in the cargo roadway is trivial as a matter of law. The photographs of the alleged defect, which the Court can rely on, illustrate, at best, a superficial crack in the asphalt. *See* Photographs taken by Plaintiff, annexed hereto as Exhibit A. Significantly, the photographs show that the depth of the crack is, at most, a fraction of an inch. *See* Exhibit A (Plaintiff's photographs showing the head of a small screw or bolt nut, which itself is far less than an inch in depth, visibly resting inside the crack). Further, the absence of any significant shadows being cast as such a close up range at which the photographs were taken supports a finding that the asphalt on both sides of the crack are approximately the same elevation. Thus, based on Plaintiff's own photographic evidence, the depth of this imperfection cannot be more than an inch. *See Natijehbashem v. United States*, 828 F. Supp. 2d 499, 507 (E.D.N.Y. 2011) (noting that courts generally consider trivial "dangerous or defective condition[s] … [with] a height differential of approximately one inch.").

Further, nothing about the time, place, or circumstances of the accident made this crack in the pavement unreasonably dangerous. The USPS did not receive any complaints about the alleged defect before the incident. *See* Declaration of Alfred Haywood, annexed hereto as Exhibit B. In addition, Plaintiff testified the area was well-lit (*see* Relevant portions of Plaintiff's Deposition, annexed hereto as Exhibit C, 46:5-15), there was no rain or wetness on the ground (*see id*. 58:8-18), and he had been driving on this same roadway daily for six to seven months and never previously saw the crack. *See id.* 36:2-6, 43:6-9, 50:17-51:5. Based on the photographs and the lack of any time, place, or circumstances that make the alleged defect not reasonably safe, the

crack in the cargo roadway is trivial as a matter of law. *See Tzul v. United States*, 12-CV-804 (NGG) (JMA), 2014 U.S. Dist. LEXIS 135883, at *13-14 (E.D.N.Y. Aug. 14, 2014) (holding crack trivial as a matter of law, even after considering and crediting plaintiffs' photographs and the characterization of the crack differential as being slightly over one inch, because plaintiffs failed to show any facts concerning the time, place, and circumstances of the alleged injury that contributed to a dangerous condition).

**Summary Judgment Is Appropriate Because USPS Did Not Have Actual Or Constructive Notice Of The Alleged Defect**

Even assuming *arguendo* that a defective condition existed, other than the trivial defect shown in the photographs, which the Government disputes, "the defendant is liable only if [it] had actual or constructive notice of the defect." *Taylor v. United States*, 121 F.3d 86, 89–90 (2d Cir. 1997). To give rise to constructive notice, the defect "must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Id.* at 90.

The Government did not have actual or constructive notice of the defective condition. There were no complaints made about any alleged defect in the relevant portion of the cargo roadway on or before August 22, 2016. *See* Exhibit B. Moreover, Plaintiff cannot demonstrate that the Government had constructive notice of the crack.[3] Plaintiff testified that he had been to this area and travelled on the roadway on a daily basis for six to seven months and never noticed the alleged imperfection. *See* Exhibit C, 36:2-6, 43:6-9, 50:17-51:5; *see also Christian v. United States*, 859 F. Supp. 2d 468, 475-76 (E.D.N.Y. 2012) (finding no constructive notice where plaintiff familiar with area had never made prior complaints). Even on the day of the accident, Plaintiff did not notice the imperfection until after he allegedly fell. *See Killeen v. Our Lady of Mercy Med. Ctr.*, 35 A.D.3d 205, 206 (1st Dep't 2006) (finding no constructive notice where "[t]here were no known complaints of a hazardous condition, and even plaintiff had not noticed the [condition] before he fell"). Thus, in the absence of actual or constructive notice, Plaintiff cannot establish that the Government breached the duty of care regarding any alleged defective condition and summary judgment is warranted.

The Government thanks the Court for its consideration of this matter.

---

[3] "In contrast to New York law for slip-and-fall cases, under federal law, the moving party need not make any affirmative *prima facie* showing on a motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim." *Bogery v. United States*, 17-CV-6996 (VEC), 2018 U.S. Dist. LEXIS 152155, at *6-7 (S.D.N.Y. Sept. 6, 2018) (citations omitted).

4

                    Respectfully submitted,

                    SETH D. DUCHARME
                    United States Attorney

By:      /s/
                    Matthew J. Modafferi
                    Assistant U.S. Attorney

cc:    Counsel of record (By ECF)