**ROSENBAUM & ROSENBAUM, P.C.**
ATTORNEYS AT LAW

100 Wall Street, 15th Floor   New York, NY 10005   Tel 212.514.5007   Fax 212.514.9178   www.rosenbaumnylaw.com

November 17, 2020

*Via ECF*
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Belmosa v. United States of America**
      **Action No.: 1:19-cv-06788**

Dear Judge Cogan:

This office represents the Plaintiff in this matter. This letter is sent pursuant to the instructions contained in the Scheduling Order dated November 12, 2020 and in response to the Government's letter dated November 9, 2020 regarding the Government's application to file a summary judgment motion.

As a preliminary matter, plaintiff agrees with and adopts the procedural history and facts contained within the Government's letter and as such will not reiterate them in this letter.

With regard to the Government's proposed summary judgment motion, plaintiff respectfully submits for the reasons stated herein that Defendant is not likely to be successful. The defect is next to the security checkpoint for the USPS and is in an area where employees of USPS walk across frequently and thus they have constructive notice of the defect. Plaintiff is familiar with this area and can testify to the location of the defect and the traffic from USPS employees at that location and the proximity of the security checkpoint. As such, plaintiff respectfully submits that the testimony of plaintiff will be sufficient to establish constructive notice and overcome any argument made by the Government regarding lack of notice of the defect.

The defect is a tripping hazard and not trivial because of the sharp edges and size of the broken and uneven area of pavement. There is a hex nut visible within the broken area of pavement in the pictures taken by plaintiff. A hex nut is typically between ¼ inch and 2 inches and in the picture it is smaller than the broken edge of the pavement which would make the broken edge approximately 1-2 inches which is not trivial by any definition.

The New York Court of Appeals has long since held that the question of "whether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question for the jury'".

See <u>Trincere v. County of Suffolk</u>, 688 N.E.2d 489 (1997).  There is no rule that municipal liability, in a case involving minor defects in the pavement, "turns upon whether the hole or depression, causing the pedestrian to fall, is four inches—or any other number of inches—in depth ..." See <u>Trincere v. County of Suffolk</u>, 688 N.E.2d 489 (1997).  The *Trincere* court further held that a defect involving elevation of a cement slab "a little over a half-inch above the surrounding pacing slabs" was not, as a matter of law, *de minimis*.  The court held, moreover, that such matters should be resolved on a case-by-case basis, based on "examination of the facts presented including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place and circumstance of the injury."  See <u>Trincere v. County of Suffolk</u>, 688 N.E.2d 489 (1997).  A defect measuring 3/16 of an inch has been held to be nontrivial when there is an edge that poses a tripping hazard.  See <u>Nin v. Bernard</u>, 683 N.Y.S.2d 237 (1st Dept. 1999).  See also <u>Mishaan v. Tobias</u>, 821 N.Y.S.2d (2nd Dept. 2006).

Other conditions may make a hazardous condition, more so.  In the instant matter, plaintiff described an area that was frequented by vehicles and other pedestrians and as such the plaintiff did not have the luxury of staring down at the sidewalk to look for defects, rather his attention was focused ahead of him and around him.  Under these circumstances a sharp edge could certainly snare the tip of a pedestrian's foot causing him to trip and fall.  Consideration of traffic and pedestrian conditions are appropriate when evaluating whether a defective condition is trivial or not because a heavily traveled pedestrian walkway renders observation of the defect less likely.  See <u>Argenio v. MTA</u>, 277 A.D.2d 165 (1st Dept 2000).

Accordingly, the Government's proposed motion for summary judgment is unlikely to be successful.  Plaintiff thanks the Court for its consideration of this matter

Respectfully,

By: *[signature]*

Matthew T. Gammons, Esq.
Rosenbaum & Rosenbaum, P.C.
100 Wall Street, 15th Floor
New York, New York 10005
212-514-5007
<u>mg@rosenbaumnylaw.com</u>



